# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CITY OF CHARLESTON,**
**Employer Below, Petitioner**

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 18-0011** (BOR Appeal No. 2052147)
                        (Claim No. 2016019297)

**JONATHAN SMOOT,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

The petitioner in this case, the City of Charleston, by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jonathan Smoot, by Patrick K. Maroney, his attorney, filed a timely response.

The issue on appeal is the compensability of the claim. On March 8, 2016, the claims administrator rejected Mr. Smoot's claim. On July 28, 2017, the Workers' Compensation Office of Judges reversed the claims administrator and held the claim compensable for lumbar disc herniation and lumbar radiculopathy. This appeal arises from the Board of Review's Final Order dated December 28, 2017, in which the Board affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 14, 2015, Mr. Smoot, a firefighter/EMT was loading a heavy patient into the back of an ambulance when he immediately felt a dull pain in his right lower back radiating into his hip and right leg. The only witness to the accident on December 14, 2015, was Seth Peterson, who stated that Mr. Smoot injured his back while loading a patient at Carroll Terrace. Mr. Smoot sought treatment with Gabriel McKinney, D.C., with McKinney Chiropractic. Mr. Smoot had previously been treated by Dr. McKinney for a lifting injury where he had pain, stiffness, and spasms in his lower back. A Report of Accident and Injury form was submitted

1

noting that the injury occurred on December 14, 2015. The employer reported that it did not have any reason to question the injury.

Mr. Smoot was treated by Tammy Bannister, M.D., with Marshall Family Medicine, on January 12, 2016. Dr. Bannister recorded that Mr. Smoot reported experiencing three weeks of right gluteal and right post knee pain. Mr. Smoot also reported that his foot and calf area was numb with tingling after walking. Dr. Bannister noted that Mr. Smoot had long term hamstring issues from tight muscles. Mr. Smoot was diagnosed with lumbar radiculopathy. Dr. Bannister requested an MRI of Mr. Smoot's lumbar spine.

An MRI from Marshall Family Medicine dated January 17, 2016, revealed significant right paracentral disc herniation with a large right paracentral component demonstrated at the L5-S1 level. An abutment of the descending nerve root was also observed. Moderate neural foraminal compromise was demonstrated bilaterally, left worse than right.

The date after the MRI study, Mr. Smoot completed an application for workers' compensation benefits. The physician's portion of the application was completed by Dr. Bannister, who diagnosed Mr. Smoot with disc displacement and muscle spasm. Dr. Bannister certified that Mr. Smoot's condition was the direct result of an occupational injury. Dr. Bannister referred Mr. Smoot to Dwight Saulle, M.D., a neurosurgeon with St. Mary's Neurosurgery, LLC.

Dr. Saulle consulted with Mr. Smoot on January 27, 2016. Dr. Saulle noted in his report that Mr. Smoot had developed symptoms in his low back approximately one year earlier and suffered a recurrence of his symptoms on December 1, 2015. Dr. Saulle reviewed the results of Mr. Smoot's MRI of the lumbar spine and found that there is an obvious disc herniation on the right side which is compressing the traversing S1 nerve root against the posterior wall of the lateral recess. Mr. Smoot was diagnosed with a herniated disc at L5-S1 and lumbosacral radiculopathy.

On March 8, 2016, the claims administrator rejected the claim. The claims administrator determined that the claim does not meet the guidelines for a compensable injury. Specifically, the Order stated that Mr. Smoot failed to establish that he sustained an injury in the course of and resulting from his employment. Mr. Smoot protested the claims administrator's Order.

Mr. Smoot was deposed on January 12, 2017, and testified that on December 14, 2015, he responded to an apartment complex for a patient who was having suicidal thoughts. The patient, who was unable to stand or walk, weighed approximately 500 pounds. Mr. Smoot, and his partner Seth Peterson, had to transfer her from a wheelchair to a cot. After the first lift, Mr. Smoot noticed tightness in his back while loading the patient into the ambulance. He immediately felt shooting pain into his right leg. On cross-examination, when asked about his prior back injuries, Mr. Smoot testified that he had been in a motor vehicle accident while working his part time job at the Teays Valley Fire Department and he did receive treatment from his chiropractor, but it was for stiffness following the accident. Mr. Smoot also testified that he tweaked his back a year prior, around December 5, 2014, while responding to a fire in the South

Hills area. At that time, he sought treatment from his primary physician. He did not experience radiating pain at the time, and his symptoms alleviated after steroid treatment.

The City of Charleston submitted various reports and argued that Mr. Smoot has a history of back problems. The reports indicate that Mr. Smoot sought treatment for his low back pain from three different providers between December 9, 2015, and January 27, 2016, for his various back conditions. The McKinney Chiropractic Clinic treated Mr. Smoot on six occasions in this time period and made no note regarding an occupational injury. Dr. Bannister treated Mr. Smoot on January 12, 2016, and reported that Mr. Smoot had experienced symptoms for approximately three weeks with no known injury. Mr. Smoot later consulted with Dr. Saulle, who noted that Mr. Smoot's symptoms were a reoccurrence of a prior condition that had resurfaced on December 1, 2015. The City of Charleston argued that the evidence of record indicates that Mr. Smoot has a history of symptomatic low back problems associated with recreational weight lifting, which reoccurred on or about December 1, 2015.

In its Order dated July 28, 2017, the Office of Judges found that the record establishes the existence of an isolated, fortuitous occurrence occurred in this case. The Office of Judges also found that the preponderance of the evidence shows that Mr. Smoot sustained a personal injury as a result of his employment. The Office of Judges did not accept the City of Charleston's argument that Mr. Smoot's herniated disc and related symptoms existed a year prior to the subject injury, and that Mr. Smoot had a reoccurrence of the herniated disc on December 1, 2015. The Office of Judges found that the record does not establish that Mr. Smoot had a prior history of treatment for lumbar radiating pain. Although Mr. Smoot had sought prior treatment for back pain, the Office of Judges found that the record did not endorse a finding of radiculitis until after December 14, 2015. Accordingly, the Office of Judges concluded that Mr. Smoot sustained an injury in the course of and as a result of his employment on December 14, 2015, resulting in a lumbar disc herniation with lumbar radiculopathy. The March 8, 2015, Order of the claims administrator was reversed with directions to hold Mr. Smoot's claim compensable for lumbar disc herniation and lumbar radiculopathy.

On December 28, 2017, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the finding of compensability for lumbar disc herniation and lumbar radiculopathy. We agree with the Board of Review's decision. The medical evidence supports the conclusion that Mr. Smoot sustained an injury in the course of and as a result of his employment on December 14, 2015, resulting in a lumbar disc herniation with lumbar radiculopathy.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4